Michael E. TAYLOR, Plaintiff–Appellant,

v.

The REGENTS OF the UNIVERSITY OF CALIFORNIA, Clara Sue Kidwell, Daniel F. Melia, Joseph Cerny, Lucien Lecam, Rudolph Beran, Nora B. Lee, Eric L. Lehmann, Jim Pitman, and David Brillinger, Defendants–Appellees.

No. 92–16022.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 1993.[*]

Decided May 21, 1993.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

Michael E. Taylor, pro se.

James E. Holst, Christine Helwick, Eric K. Behrens, Office of Gen. Counsel, University of California, Oakland, CA, for defendants-appellees.

Before: HUG, WIGGINS and THOMPSON, Circuit Judges.

PER CURIAM:

Michael Taylor appeals pro se the district court's dismissal of his civil rights action against the Regents of the University of California and various University employees. The district court determined that the statute of limitations had run on Taylor's 42 U.S.C. §§ 1981, 1983, 1985, and 2000d claims. A ruling on the appropriate statute of limitations is a question of law reviewed de novo. *Felton v. Unisource Corp.*, 940 F.2d 503, 508 (9th Cir.1991). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Taylor filed his civil rights complaint on May 6, 1991. He filed an amended complaint on September 10, 1991, and a second amended complaint on November 8, 1991. On March 10, 1992, the University filed a motion to dismiss, arguing in part, that Taylor's action was barred by a one-year statute of limitations applicable to the federal civil rights statutes under which Taylor brought suit. On May 11, 1992, the district court dismissed Taylor's lawsuit on the basis that the complaint was filed beyond the one-year state statute of limitations period governing claims brought under 42 U.S.C. §§ 1981, 1983, 1985, and 2000d. Taylor timely appealed the district court's May 11, 1992 dismissal.

California's one-year statute of limitations for personal injury actions governs claims brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1985. *See Wilson v. Garcia*, 471 U.S. 261, 275, 105 S.Ct. 1938, 1946, 85 L.Ed.2d 254 (1985); (state personal injury limitation statute governs § 1983 claims); *Del Percio v. Thornsley*, 877 F.2d 785, 786 (9th Cir.1989) (same); *McDougal v. County*

of *Imperial*, 942 F.2d 668, 672–74 (9th Cir. 1991) (state personal injury statute governs §§ 1981 and 1985 claims). Therefore, the district court properly dismissed all of Taylor's claims brought under 42 U.S.C. §§ 1981, 1983, and 1985 which accrued more than one year before he filed his first complaint.

The only remaining claims were those claims Taylor raised pursuant to 42 U.S.C. § 2000d. Section 2000d forbids any person or institution which receives federal funds to discriminate on the basis of race, color, or national origin.[1] The defendants argued below, and the district court agreed, that Taylor's claims pursuant to § 2000d were similarly barred by the one-year statute of limitations period governing the other federal civil rights statutes under which Taylor sued. This circuit has not previously ruled, however, on the applicable statute of limitations governing claims brought under § 2000d.

Other circuit courts which have considered this issue have concluded that the same limitations period which applies to § 1983 claims governs claims brought under § 2000d. The Eighth Circuit held that the same statute of limitations should apply to civil rights actions under § 2000d as applies under §§ 1981 and 1983. The court reasoned: "Since 2000d contains no statute of limitations, it will be governed by the most analogous state period of limitations. To this extent, plaintiff's 2000d claim is controlled by the same considerations which inhere in the § 1981 and § 1983 claims.... [Thus], we bar plaintiff's 2000d claim for not being timely filed...." *Chambers v. Omaha Pub. Sch. Dist.*, 536 F.2d 222, 225 n. 2 (8th Cir.1976). The Fifth and the Third Circuits have reached similar conclusions. *See Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1520–22 (5th Cir.1993) (the applicable state personal injury statute of limitations determines the length of the limitation period within which to bring a § 2000d civil rights action); *Drayden v. Needville Indep. Sch. Dist.*, 642 F.2d 129, 131 (5th

Cir.1981) (same); *cf. Bougher v. University of Pittsburgh*, 882 F.2d 74, 77–78 (3d Cir. 1989) (state's personal injury statute of limitation applies to Title IX claims which are analogous to § 2000d claims).

We agree with the reasoning in these other cases, and we find no reason to depart from our sister circuits. Accordingly, we now hold that claims brought under 42 U.S.C. § 2000d are governed by the same state limitations period applicable to claims brought under § 1983. In so holding, we affirm the district court's dismissal of Taylor's action as barred by the one-year state statute of limitations for personal injury actions in California.

Taylor also contends that District Court Judge Smith should have recused herself. Taylor filed a motion under 28 U.S.C. §§ 144 and 455 seeking Judge Smith's recusal. In his affidavit, Taylor asserted that a prior ruling by Judge Smith dismissing two defendants on Eleventh Amendment immunity grounds was error, and that this error was the result of bias against him, or in favor of the defendants.[2]

"The standard for recusal under 28 U.S.C. §§ 144, 455 is whether a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir.1986) (quotations omitted). To warrant recusal, judicial bias must stem from an extrajudicial source. *Pau v. Yosemite Park and Curry Co.*, 928 F.2d 880, 885 (9th Cir.1991); *Studley*, 783 F.2d at 939. "[A] judge's prior adverse ruling is not sufficient cause for recusal." *Studley*, 783 F.2d at 939.

Here, the essence of Taylor's allegation of judicial bias was that Judge Smith's prior ruling was adverse to him. Thus, he has not shown judicial bias from an extrajudicial source. *See Pau*, 928 F.2d at 885;

---

1. 42 U.S.C. § 2000d provides: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

2. Taylor also challenges the district court's dismissal of defendants Heyman and Lin–Tien, former and current University of California Chancellors on Eleventh Amendment grounds. We need not reach this issue, however, because we affirm the district court's order of dismissal on statute of limitations grounds.

*Studley,* 783 F.2d at 939. Accordingly, Judge Smith did not abuse her discretion by declining to recuse herself.

**AFFIRMED.**