**Frank McCOY, Plaintiff–Appellant,**

v.

**SAN FRANCISCO, CITY & COUNTY, a Municipal Corp., et al., Defendant–Appellee.**

No. 92–16319.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 17, 1993.

Decided Jan. 7, 1994.

James A. Lassart & Gail Y. Norton, Ropers, Majeski, Kohn, Bentley, Wagner & Kane, San Francisco, CA, for plaintiff-appellant.

Barron L. Weinstein, Chief of Complex Litigation; and Geoffrey Gordon–Creed, Deputy City Atty., San Francisco, CA, for defendant-appellee.

Before: SKOPIL, THOMPSON, and RYMER, Circuit Judges.

SKOPIL, Circuit Judge:

Frank McCoy appeals the district court's dismissal of his civil rights action, contending that the court erred by holding that the action was time barred. We agree, and reverse and remand for further proceedings. We decline to affirm on the alternative grounds raised by appellees.

**I.**

McCoy, a San Francisco Police Homicide Inspector, brought this civil rights action against the city and county of San Francisco, the police chief, various officers within the police department, and attorneys representing the department and city. McCoy alleges that these defendants conspired to deny him his civil rights in conjunction with disciplinary action taken against him that culminated in a two-day suspension.

The underlying facts are undisputed. McCoy and other officers were investigated by the police department regarding a citizen's complaint filed as a result of the officers' alleged conduct at the scene of a murder on November 28, 1987. McCoy complained that the investigative report was inaccurate and was expressly intended to damage his reputation.

A second investigation resulted in a recommendation that no charges be brought against McCoy. The Chief nevertheless

charged McCoy with two violations of the department's general orders. The charges were reviewed by the Police Commission and hearings were conducted throughout 1989. At the conclusion of its meeting on January 3, 1990, the Commission voted unanimously to dismiss all charges against McCoy. The Commission's final written decision was released three weeks later on January 22, 1990.

During the department's investigation of McCoy, it came to light that on May 17, 1988 McCoy had telephoned the citizen who initiated the complaint. The citizen filed a second complaint based on the telephone call. As a result of that complaint, the Chief decided to suspend McCoy for two days.

The suspension was appealed to the Police Commission. Hearings were conducted on May 7, June 5, and August 29, 1990. At the conclusion of the August 29 hearing, the Commission ruled orally that:

> It is the unanimous decision of the Commission to sustain the Chief as to the charge involving the call to Complainant [citizen].
>
> That's the decision and as to penalty, needless to say, which was a two day suspension. Thank you.

Shortly thereafter defendants submitted proposed findings of fact to the Commission.

On September 13, 1990 a written decision was issued by the Police Commission which summarized the evidence presented against McCoy, recited the language of the general order found to have been violated, and concluded that the Chief's decision was sustained by a preponderance of the evidence. The decision also set the dates of the two-day suspension.

McCoy served his suspension on November 28–29, 1990. He thereafter petitioned the California Superior Court for a writ of administrative mandamus, challenging the Police Commission's decision to suspend him. Relief was denied. The First District Court of Appeals recently reversed, concluding that the rules in effect at the time were unconstitutionally vague and failed to give McCoy adequate notice that his conduct would subject him to discipline.

McCoy filed his federal civil rights action on September 3, 1991, alleging civil conspiracy and civil rights violations pursuant to 42 U.S.C. §§ 1983, 1986, 1988. Defendants responded with a motion to dismiss on the grounds that (1) the complaint failed to state a cause of action, (2) the claims were time barred, (3) defendants are immune, and (4) service on some defendants was improper. The motion was granted without prejudice on the statute of limitations ground only.

McCoy filed a second amended complaint, alleging additional facts to support the timeliness of the action. The district court again dismissed McCoy's complaint in its entirety on the statute of limitations ground alone, this time with prejudice. The court reasoned that the Police Commission's oral decision on August 29, 1990 was final, "notwithstanding the written confirmation which was handed down two weeks later." The court also rejected McCoy's theory that defendants committed other later overt acts in furtherance of the conspiracy. The court expressly declined to reach or address any of the other grounds asserted for dismissal.

## II.

California's one-year statute of limitations for personal injury actions applies to McCoy's civil rights claims. *See Taylor v. Regents of University of California,* 993 F.2d 710, 711 (9th Cir.1993) (citing *Wilson v. Garcia,* 471 U.S. 261, 275, 105 S.Ct. 1938, 1946, 85 L.Ed.2d 254 (1985)). Although state law determines the length of the limitations period, "the determination of the point at which the limitations period begins to run is governed solely by federal law." *Hoesterey v. City of Cathedral City,* 945 F.2d 317, 318–19 (9th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1941, 118 L.Ed.2d 546 (1992). The touchstone for determining the commencement of the limitations period is notice. *Id.* at 319. Thus, "a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* (internal quotation omitted). The district court applied that standard and concluded that McCoy was put on notice by the Police Commission's oral decision on Au-

gust 29, 1990. Our review is de novo. *Taylor*, 993 F.2d at 711.

There is no dispute that a statute of limitations period is triggered by the decision constituting the discriminatory act and not by the consequences of that act. *See Delaware State College v. Ricks*, 449 U.S. 250, 257–58, 101 S.Ct. 498, 503–04, 66 L.Ed.2d 431 (1980). For example, a cause of action for discriminatory discharge accrues at the time of the decision and is not prolonged by "mere continuity of employment." *Id.* at 257, 101 S.Ct. at 504. The termination of employment is simply the "delayed, but inevitable, consequence of the denial of tenure." *Id.* at 257–58, 101 S.Ct. at 504. The district court may have reasoned that the written decision here was merely the inevitable consequence of the oral decision. The court stated that McCoy was put on notice of the suspension by the oral ruling and "should have known that the decision would not change."

There are several factors that undermine the district court's reliance on the oral decision. First, it is apparently undisputed that the Police Commission issues written decisions. Indeed, such a written decision was issued in McCoy's first proceeding. Second, defendants apparently did not consider the oral decision to be final since they submitted proposed findings of fact to the Commission after the oral decision. Third, it was not until the written decision that McCoy's defenses were rejected. Finally, the written decision takes the form of a final decision. It recites facts, the text of the department's rules, and evaluates and weighs the evidence. The decision concludes that:

> [T]he Commission unanimously finds that the findings of the Chief supporting the two-day suspension imposed on Inspector Frank McCoy are sustained by a preponderance of evidence presented; therefore ... the Commission sustains the two-day suspension imposed on Inspector Frank McCoy by the Chief of Police.

We conclude that the written decision rather than the oral decision triggered the statute of limitations. Although McCoy "knew" of the Commission's decision at the conclusion of the August 29 hearing, he also knew that the Commission would issue a more detailed written decision. That written decision supplied the rationale of the Commission, addressed the defenses raised by McCoy, and set the dates of the suspension. The written decision clearly was the "final decision" that triggered the applicable statute of limitations. *See Norco Const., Inc. v. King County*, 801 F.2d 1143, 1145–46 (9th Cir.1986) (statute of limitations does not commence on section 1983 action until plaintiff's cause of action accrues upon an agency's final decision).

Accordingly, we must reverse the district court's dismissal based on the statute of limitations. We do not need to address McCoy's alternative theories that later overt acts extended the limitations period, that the statute was tolled, or that defendants should be estopped from asserting the defense. We decline to affirm on any of the alternative grounds submitted to the district court in defendants' motion to dismiss. *See Portman v. County of Santa Clara*, 995 F.2d 898, 910 (9th Cir.1993) (appellate court is not obligated to affirm on alternative ground).

**REVERSED and REMANDED.**