69 F.3d 543
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sam FERRIS, Plaintiff-Appellant,
v.
Dave CAVALLARO; Jack Farmer, Officer, San Jose Police
Department; Michael E. Smith, Officer, San Jose Police
Department; San Jose Police Department; City of San Jose;
Santa Clara County; State of California; Frank Berry,
Prosecutor, District Attorney's Office; Employment
Development Department of California; Loren Ferguson; Nora
Dahl; Officer Vasquez; Linda Welding; State Compensation
Insurance Fund; George Kennedy; Robert Ahern; Defendants-Appellees.
 No. 95-15182.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1995.*
Decided Nov. 1, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sam Ferris appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action. Ferris challenges criminal charges filed against him for the operation of a nude-modeling/escort service. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 A. Dismissal of Claims in light of Heck v. Humphrey
 
 
 4
 Ferris contends that the district court erred by dismissing the majority of his claims in light of Heck v. Humphrey, 114 S.Ct. 2364 (1994). This contention lacks merit.
 
 
 5
 In Heck, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Sec. 1983 plaintiff must prove that the conviction or sentence" has been rendered invalid. Id. at 2372 (footnote omitted); see also Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir.1995) (per curiam) (interpreting and applying the rule announced in Heck ).
 
 
 6
 First, the district court did not err by applying the rule announced in Heck retroactively. See Trimble, 49 F.3d at 585 (applying the rule retroactively). Moreover, the district court did not err by invoking the rule announced in Heck sua sponte. See Heck, 114 S.Ct. at 2372 (instructing district court to "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of [the plaintiff's] conviction or sentence....") Finally, the district court did not err by dismissing without prejudice Ferris's section 1983 claims which were barred by Heck. See Trimble, 49 F.3d at 585 (affirming the district court's dismissal without prejudice of claims precluded by Heck ).
 
 
 7
 Accordingly, the district court did not err by dismissing Ferris's section 1983 claims for money damages which would have challenged the validity of his conviction and sentence. See Heck, 114 S.Ct. 2372; Trimble, 49 F.3d at 585.[1]
 
 
 8
 B. Dismissal of Claims seeking Declaratory and Injunctive Relief
 
 
 9
 Ferris contends that the district court erred by dismissing his claims for declaratory and injunctive relief under the rule of Heck. Although this contention is correct, we affirm the judgment of the district court on other grounds supported by the record. See United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993)
 
 
 10
 To the extent that Ferris is challenging the validity of his conviction, "his exclusive remedy is a writ of habeas corpus." See Trimble, 49 F.3d at 586 (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)). Here, Ferris argues that his conviction under the state of California's pimping and pandering statutes should be declared void as unconstitutional because the statutes are vague and overbroad in violation of the First Amendment.
 
 
 11
 Because Ferris's complaint did not establish a clear "intent to bring a habeas petition," the district court did not err by not construing the complaint as a habeas petition. See id. In fact, we have held that where a complaint "alleges only some of the grounds upon which the prisoner could seek habeas relief," it is proper for the district court to dismiss the section 1983 claims. See id.
 
 
 12
 Accordingly, the district court did not err by dismissing Ferris's claims for declaratory and injunctive relief relying on First Amendment challenges to his criminal conviction. See id.[2]
 
 C. Dismissal of Remaining Claims
 
 13
 Ferris contends that his claims against the State Compensation Insurance Fund ("Fund") should not have been dismissed as untimely because they were equitably tolled under California state law. Ferris's claims against Fund stem from his allegation that Fund assessed higher taxes for worker's compensation and unemployment insurance against Ferris because he was operating a business involving nude models. Although Ferris's allegations, liberally construed, might state an equal protection claim, because Ferris was convicted, in part, for failure to pay unemployment insurance taxes, his claim against Fund is a constitutional challenge to his criminal conviction. Accordingly, the district court lacked jurisdiction to consider this claim. See id.
 
 
 14
 Ferris also contends that the district court erred by dismissing his claims that did not challenge the validity of his conviction under the rule of Heck. Again, although this contention is correct, we affirm the judgment of the district court on other grounds. See Washington, 969 F.2d at 755.
 
 
 15
 Ferris appears to argue that defendant Thompson used excessive force during a police raid which occurred in 1989. Because there is a one-year statute of limitations for section 1983 actions brought in California, and Ferris did not file his complaint in this action until December 1991, Ferris's excessive force claim against defendant Thompson was properly dismissed as untimely. See Taylor v. Regents of the Univ. of Cal., 993 F.2d 710, 711 (9th Cir.1993) (per curiam), cert. denied, 114 S.Ct. 890 (1994).
 
 
 16
 Ferris also raises state-law claims of libel, breach of contract and malicious prosecution in this action. Because the district court may dismiss pendent state-law claims where all federal claims have been dismissed, we conclude that the district court did not err by dismissing these state-law claims. See Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir.1985) (per curiam).
 
 
 17
 Finally, Ferris raises a number of claims alleging "outrageous government conduct." Ferris alleges that police officers photographed his employees in the nude and retained the photographs, that police officers assaulted his driver, that police officers and district attorneys hired nude models employed by Ferris's service, that police officers engaged in sex with nude models while working undercover, and that defendant Farmer threatened to prosecute Ferris in the future if Ferris was involved in a similar commercial venture. Because none of these claims involves an injury to Ferris, he lacks standing to raise these claims in federal court. See Warth v. Seldin, 422 U.S. 490, 499 (1975); Wauchope v. United States Dep't of State, 985 F.2d 1407, 1411 (9th Cir.1993).
 
 
 18
 Moreover, because Ferris is proceeding pro se, he has no authority to represent the legal interests of others. See C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir.1987). Because these third-parties were neither parties of record nor participants in the proceedings before the district court and the equities do not weigh in favor of considering their claims on appeal, they cannot pursue their claims on their own behalf in the instant appeal. See Washoe Tribe of Nev. and Calif. v. Greenley, 674 F.2d 816, 818 (9th Cir.1982).
 
 
 19
 D. Default Judgment against Certain Defendants
 
 
 20
 Ferris served his complaint on Employment Development Department ("EDD") and EDD employees Ferguson and Dahl on April 26, 1993. On July 15, 1993, Ferris moved for a default judgment against these defendants. See Fed.R.Civ.P. 55. Ferris contends that the district court erred by not entering a default judgment against these defendants. This contention lacks merit.
 
 
 21
 Default judgments are generally disfavored. Pena v. Seguros La Comercial, 770 F.2d 811, 814 (9th Cir.1985).
 
 
 22
 Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.
 
 
 23
 Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.1986) (citation omitted).
 
 
 24
 Here, defendants were immune from suit. As an agency of the state, see Cal.Unemp.Ins.Code Sec. 301, EDD is immune from suit in federal court. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Greater Los Angeles Council on Deafness v. Zolin, 812 F.2d 1103, 1110 (9th Cir.1987). Because Ferris's claims against Ferguson and Dahl were based on their testimony against Ferris at trial, these defendants were immune from suit under section 1983. See Briscoe v. LaHue, 460 U.S. 325, 334 (1983).
 
 
 25
 Accordingly, we cannot conclude that the district court abused its discretion by not entering default judgment in light of possible "reservations about the merits of [Ferris's] substantive claim...." Eitel, 782 F.2d at at 1472.
 
 E. Payment of Service Fees by Defendants
 
 26
 Ferris contends that the district court erred by not ordering the defendants to reimburse Ferris for the costs of service. This contention lacks merit.
 
 
 27
 Where a defendant fails to comply with a waiver of service of a summons, "the court shall impose the costs subsequently incurred in effecting service on the defendant...." Fed.R.Civ.P. 4(d)(2)(G). Here, at the time Ferris served the first amended complaint, this version of the complaint had already been dismissed with leave to amend for a clearer statement of Ferris's allegations. Although Ferris served the second amended complaint on defendants, the record indicates that he did not request a waiver of service of the summons from any of the defendants when serving the second amended complaint. Accordingly, Ferris is not entitled to reimbursement of service costs under Fed.R.Civ.P. 4.[3]
 
 F. Remaining Issues presented on Appeal
 
 28
 Ferris stated that he intends to challenge the settled interpretation of the Eleventh Amendment--i.e., that the Amendment bars suits against a state by its own citizens--when this case reaches the Supreme Court. Although we note that Ferris has raised this issue, we do not address it because Ferris has conceded he is not arguing the issue before this court.
 
 
 29
 Ferris also stated that the district court's award of costs to defendants who had only received a dismissal without prejudice was fully consistent with settled case law, but he asked this court to reconsider the awarding of costs in such circumstances. We decline to do so.
 
 
 30
 Finally, Ferris contends that it is a violation of due process to be denied a federal forum for his claims that his federal constitutional rights had been violated. We find this contention wholly without merit.
 
 
 31
 Because Ferris filed more than thirty single-issue motions for reconsideration with the district court, we hereby instruct appellant that if he decides to file a petition for rehearing with this court, all of the issues supporting his request should be presented in a single petition.
 
 
 32
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Ferris's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ferris also contends that the district court erred by dismissing his claims under Heck because Ferris did not have access to the same legal resources as defendants. We conclude that this contention is wholly without merit
 
 
 [2]
 Because Trimble instructs district courts to dismiss without prejudice section 1983 complaints which "allege[ ] only some of the grounds upon which the prisoner could seek habeas relief," the district court properly rejected, as futile, Ferris's request for leave to amend his complaint to allege only those claims which would not be barred by Heck. See Karim-Panahi v. Los Angeles Polic Dep't, 839 F.2d 621, 623 (9th Cir.1988)
 
 
 [3]
 Because we conclude that defendants are not liable for service costs because Ferris served the wrong version of the complaint during his first service attempt and failed to request a waiver of service of the summons during his second service attempt, we need not address whether Ferris's sworn declarations under 28 U.S.C. Sec. 1746 that he had requested a waiver of service of the summons during his first service attempt is sufficient evidence of the request for waiver under Fed.R.Civ.P. 4(d)(2)(G)