77 F.3d 488
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard BECK, Plaintiff-Appellant,
v.
CITY OF MORENO VALLEY; Norman King; Paul Gill; Greg
Lefler, Defendants-Appellees.
 No. 95-55646.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1996.*
Decided Feb. 12, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Beck appeals the dismissal of his 42 U.S.C. § 1983 action as barred by the statute of limitations. We have jurisdiction pursuant to 18 U.S.C. § 1291, and we reverse and remand.
 
 
 3
 Beck contends that the district court erred by dismissing his claim alleging that his position with the City of Moreno Valley ("Moreno Valley") was eliminated and that he was not reinstated in retaliation for exercising his First Amendment rights and in violation of due process. This contention has merit.
 
 
 4
 A dismissal for failure to state a claim is reviewed de novo. Buckey v. County of Los Angeles, 968 F.2d 791, 793-94 (9th Cir.), cert. denied, 506 U.S. 999 (1992). Our review is limited to the contents of the complaint and it must appear "beyond doubt" that the plaintiff would not be entitled to relief under any set of facts. Id. "When a motion to dismiss is based on the running of a statute of limitation period, dismissal can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir.1991) (citation omitted). Moreover, in the context of equitable tolling we have held that the question of whether the statute of limitations is tolled "ordinarily requires reference to matters outside the pleadings, and is not generally amenable to resolution on a Rule 12(b)(6) motion, where review is limited to the complaint alone." Cervantes v. City of San Diego, 5 F.3d 1273, 1276 (9th Cir.1993).
 
 
 5
 California's tolling doctrines and one year statute of limitations apply to Beck's action and federal law determines when his cause of action accrued. See id; McCoy v. San Francisco, City & County, 14 F.3d 28, 29 (9th Cir.1994). Under federal law, "a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of the action." McCoy, 14 F.3d at 29 (citation and quotation omitted). In California, fraudulent concealment and the "continuing violation" doctrine toll the statute of limitations. Bernson v. Browning-Ferris Indus. of Cal., Inc., 7 Cal.4th 926, 931 (1994) (holding that fraudulent concealment tolls statute of limitations); Accardi v. Superior Court, 21 Cal.Rptr.2d 292, 296 (1993) (holding that statute of limitations tolled by "continuing violation" doctrine "if any of the discriminatory practices continues into the limitations period").
 
 
 6
 Finally, a government employee may have a constitutionally protected property right in his or her employment created by state rules, regulations or laws. See Allen v. City of Beverly Hills, 911 F.2d 367, 369-70 (9th Cir.1990). Whether a state law creates a property interest depends upon the extent to which the decisionmaker is constrained by "particularized standards or criteria." See id. at 370.
 
 
 7
 Here, Beck received a letter informing him that he was being laid off on April 29, 1993. Beck filed this suit on May 26, 1994. In his complaint, however, Beck alleges that he neither knew nor had a reason to know that his layoff was in retaliation for his report of fund misuse until June 4, 1993, when he was notified that the investigation into his complaint was terminated. Beck also alleges that the retaliation continued for two years after his layoff because Moreno Valley Personnel Rules and Regulations p 3.45 provides that laid off employees "shall" be reinstated or recalled for positions for which they are qualified for two years. He alleges that positions for which he was qualified have been available and that he was not considered for these positions because of his allegations of misconduct. Finally, Beck alleges that the defendants fraudulently concealed the reason for his layoff, assuring him that his allegations of misconduct would not lead to "negative employment action" and misrepresenting that he was laid off because of budgetary considerations.[1]
 
 
 8
 Given these allegations, we cannot say "beyond doubt" that Beck would not be entitled to relief under any set of facts, see Buckey, 968 F.2d at 794, or that "the assertions of the complaint, read with the required liberality, would not permit [Beck] to prove that the statute was tolled," see Vaughan, 927 F.2d at 478; see also Cervantes, 5 F.3d at 1276.
 
 Accordingly, the district court order is
 
 9
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not consider Beck's conspiracy contention, raised for the first time on appeal. See United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 506 U.S. 258 (1992)