103 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
HARRY'S COCKTAIL LOUNGE, INC., a California corporation;
Paul Bailey, an individual; Denise Bailey, an
individual; Vincent Molino, an
individual; Joan Bailey, an
individual,
Plaintiffs-Appellants,
v.
Brook McMAHON, individually and in his official capacity as
Chief of Police of Pismo Beach, California; Scott Smith,
individually and in his official capacity as a police
officer employed by the Police Department of Pismo Beach,
California; Mark Stewart, individually and in his official
capacity as a police officer employed by the Police
Department of Pismo Beach, California; City of Pismo Beach,
California, a municipality; Dick Morrow, in his official
capacity as Mayor of Pismo Beach, California, and member of
the Pismo Beach City Council; Michael Fiorentino,
individually and in his official capacity as a City
Councilman of Pismo Beach, California; Tim Bittner, in his
official capacity as a City Councilman of Pismo Beach,
California; Jim Maroney, in his official capacity as a City
Councilman of Pismo Beach, California; Robert M. Jones,
individually and in his capacity as a Police Officer
employed by the City of Pismo Beach, California, Defendants-Appellees.
 Nos. 95-55478, 95-56795.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1996.
Decided Nov. 26, 1996.
 
 Before: O'SCANNLAIN, T.G. NELSON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 GENERAL OVERVIEW
 
 2
 We review the district court's summary judgment order de novo. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). Our review is governed by the same standard used by the trial court under Fed.R.Civ.P. 56(c). Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). We must determine, viewing the evidence in the light most favorable to the plaintiffs, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Bagdadi, 84 F.3d at 1197. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 
 3
 * THE FIRST SIX CAUSES OF ACTION
 
 
 4
 The first six causes of action, alleging violations of 42 U.S.C. § 1983, arise out of undercover drug investigations conducted by the Pismo Beach Police Department at Harry's Cocktail Lounge before May 17, 1992. The district court held that all six of these causes of action are time-barred by the statute of limitations. The district court was correct.
 
 
 5
 State law determines the length of the limitations period. The statute of limitations for § 1983 claims is the same as the state's limitations period for personal injury torts. Wilson v. Garcia, 471 U.S. 261, 279 (1985). The statute of limitations for § 1983 claims in California is one year. Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir.1987).
 
 
 6
 For the first six causes of action, the determination of whether or not they are time-barred turns on the date of accrual. Federal law determines when a cause of action accrues. Compton v. Ide, 732 F.2d 1429, 1432 (9th Cir.1984). We have held that, for civil rights actions, "[t]he touchstone for determining the commencement of the limitations period is notice. Thus, a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action." McCoy v. San Francisco, City & County, 14 F.3d 28, 29 (9th Cir.1994) (internal citations and quotations omitted). See also Hoesterey v. City of Cathedral City, 945 F.2d 317, 319 (9th Cir.1991), cert. denied, 504 U.S. 910 (1992); Cline v. Brusett, 661 F.2d 108, 110 (9th Cir.1981). Put another way, we have held:
 
 
 7
 Under federal law a cause of action accrues when the plaintiff is aware of the wrong and can successfully bring a cause of action.... [A] cause of action does not accrue at the time plaintiff becomes aware of a wrong if, at that time, the plaintiff's damages are not certain to occur or too speculative to be proven.
 
 
 8
 Acri v. International Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1396 (9th Cir.) (emphasis added) (citations omitted), cert. denied, 479 U.S. 816 (1986). It is the injury itself that is the key to the point of accrual. Merely because damages might flow from the injury for several years after the injury does not prolong accrual for statute of limitations purposes. Delaware State College v. Ricks, 449 U.S. 250, 258 (1980).
 
 
 9
 In this case, causes of action that accrued prior to May 17, 1992, are time-barred. All of the undercover drug investigations conducted at Harry's Cocktail Lounge that are the subject of the first six causes of action were complete by May 17, 1992. Therefore, the only question is whether the plaintiffs were aware of these alleged "wrongs" and could bring a cause of action by May 17, 1992.
 
 
 10
 The plaintiffs were aware of all of the undercover drug investigations and complained about the damages the investigations were causing to business at Harry's prior to May 17, 1992. In a letter dated April 21, 1992, Paul and Joan Bailey complained to the District Attorney:
 
 
 11
 These investigations and the media blitz that followed have been detrimental financially, publicly and socially, not only to Harry's Cocktail Lounge, but to Harry's owner, (the Baileys) and many employees. These public reports served to demean and discredit our reputation and standing in the public eye.
 
 
 12
 This could hardly be a clearer expression of the plaintiffs' awareness of the investigations which form the subject of the first six causes of action. This portion of the letter also discredits the plaintiffs' argument that their damages were remote or speculative prior to May 17, 1992.
 
 
 13
 Further, a sixty-two-page letter dated May 17, 1992, from one of the plaintiffs' attorneys to Dick Morrow, Mayor of Pismo Beach, described and criticized the undercover drug investigations in great detail. The district court appropriately used this letter as additional evidence that the plaintiffs were fully aware of the undercover drug investigations conducted by the police department and could have maintained a lawsuit for the first six causes of action prior to May 17, 1992. Because the first six causes of action accrued prior to May 17, 1992, the first six causes of action are time-barred by the one-year statute of limitations.
 
 II
 THE SEVENTH CAUSE OF ACTION
 
 14
 The seventh cause of action alleges that McMahon, in his official capacity, pursued an official policy of selective law enforcement targeted at Harry's. To maintain a selective enforcement or discriminatory prosecution claim giving rise to an equal protection violation, the following showing is required: (1) That others are generally not prosecuted for the same conduct; and (2) The decision to single out Harry's was based upon impermissible grounds such as race, religion, or the exercise of constitutional rights. Church of Scientology v. Commissioner of Internal Revenue, 823 F.2d 1310, 1320-21 (9th Cir.1987), cert. denied, 486 U.S. 1015 (1988). See also United States v. Dumas, 64 F.3d 1427, 1431 (9th Cir.1995) ("Equal protection is violated when the decision to prosecute is based upon impermissible factors such as race."), cert. denied, 116 S.Ct. 1341 (1996).
 
 
 15
 The plaintiffs' selective enforcement claim cannot survive the summary judgment motion because the plaintiffs completely fail to allege any facts in the third amended complaint that would support the second requirement of a selective enforcement claim. The plaintiffs do not allege that they are being singled out because of their membership in an identifiable group, i.e., on the basis of gender, race, national origin, or religion, or for exercising a particular constitutional right, such as voting or speech rights. At oral argument and in documents filed thereafter, the plaintiffs were unable to cite any case law that maintained a selective enforcement claim absent such allegations.
 
 
 16
 The plaintiffs' attempt to rely on Freeman v. City of Santa Ana, 68 F.3d 1180 (9th Cir.1995), is misplaced. In Freeman, there were allegations by a bar owner that her establishment was being singled out for harsher treatment by the police department because her clientele was made up largely of Mexican immigrants. No such allegations have been made in the seventh cause of action here. Further, we noted that "[s]elective enforcement of valid laws, without more, does not make the defendants' action irrational." Id. at 1188. The seventh cause of action alleges no more than that the Pismo Beach Police Department pursued a policy of enforcement of valid laws against Harry's Cocktail Lounge that quantitatively varied from enforcement of those laws at other establishments. That allegation, without more, is insufficient to support a selective enforcement cause of action. See Wayte v. United States, 470 U.S. 598, 608 (1985) (holding that it is necessary to show both a discriminatory effect and a discriminatory purpose, based on an unjustifiable standard). Therefore, summary judgment for the defendants on the seventh cause of action was proper.
 
 III
 THE ELEVENTH AND TWELFTH CAUSES OF ACTION
 
 17
 The eleventh and twelfth causes of action were brought only by Paul and Joan Bailey against the City and members of the City Council. The Baileys allege that the City violated 18 U.S.C. §§ 1983 and 1985 by holding a closed meeting in violation of the Brown Act.[1] The question on appeal is whether their waiver of those claims by agreement at the May 18, 1992, City Council meeting was valid. We hold that the waiver was valid.
 
 
 18
 We set forth the requirements for a valid waiver of federal claims in Stroman v. West Coast Grocery Co., 884 F.2d 458 (9th Cir.1989) (discussing the validity of a waiver of Title VII claims), cert. denied, 498 U.S. 854 (1990). In Stroman, we had to determine "whether Stroman's release of his discrimination claims was a voluntary, deliberate and informed waiver." Id. at 462 (internal quotations omitted). In discussing the applicable standard, we stated:
 
 
 19
 The determination of whether a waiver ... was "voluntary, deliberate and informed" is "predicated upon an evaluation of several indicia arising from the circumstances and conditions under which the release was executed." Of primary importance in this calculation is the clarity and lack of ambiguity of the agreement, the plaintiff's education and business experience, "the presence of a noncoercive atmosphere for the execution of the release," and whether the employee had the benefit of legal counsel.
 
 
 20
 Id. (internal citations omitted).
 
 
 21
 In this case, the agreement between the Baileys and the City was clear and unambiguous. If the Baileys agreed to dismiss with prejudice a writ of mandate action they had filed against the City, the City would make no negative findings against Harry's at the hearing and would renew the bar's dance license in October 1992 as scheduled. No reasonable person would have been misled by the terms of the agreement.
 
 
 22
 Second, the Baileys possessed sufficient education and business experience to understand the scope and nature of the agreement. They had owned and operated Harry's since 1979 and, accepting their facts as true, had experienced numerous encounters with the police department and the City Council regarding the operation of their business prior to this agreement.
 
 
 23
 Third, the environment in which the agreement was made, though certainly contentious, was not so oppressive as to create a coercive atmosphere. As the district court pointed out, had this agreement not been reached on May 18, 1992, the City Council would still have been at an impasse and possibly might not have reached any agreement regarding the status of the dance license. Further, the making of this agreement did not place any immediate pressure on the Baileys or Harry's Cocktail Lounge. The plaintiffs did not actually dismiss their Brown Act claims until October 19, 1992, and had plenty of time to deliberate on the wisdom of their agreement. They could have changed their minds at any time between May and October 1992.
 
 
 24
 Finally, and perhaps most importantly, the Baileys were represented by counsel during this entire period, including at the City Council meeting where the agreement was made. The presence of counsel during the negotiations makes up for any shortcoming in the Baileys' education or experience and helps to vitiate any pressure at the City Council meeting that the Baileys might have experienced.
 
 
 25
 The Baileys made a voluntary, knowing, and intelligent waiver of their Brown Act claims at the May 18, 1992, City Council meeting. Summary judgment for defendants on the eleventh and twelfth causes of action was therefore appropriate.[2]
 
 IV
 DISTRICT COURT DISCOVERY RULINGS
 
 26
 On appeal, the plaintiffs specifically challenge five discovery rulings made by the district court and argue that error on any of these rulings requires the reversal of summary judgment. We review a district court's discovery rulings for an abuse of discretion. Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir.1995); Smith v. Hughes Aircraft Co., 22 F.3d 1432, 1441 (9th Cir.1993) (as amended 1994). After carefully considering all of the arguments made by the plaintiffs in this appeal, we conclude that the district court did not abuse its discretion in any of the challenged discovery rulings.
 
 V
 DENIAL OF PLAINTIFFS' MOTION TO RE-TAX COSTS[3]
 
 27
 On April 4, 1995, the defendants served and filed a timely bill of costs to the clerk. On April 26, 1995, the district court clerk awarded the defendants costs of $32,960.37. On July 12, 1995, the plaintiffs received a copy of the bill of costs approved by the clerk. On July 21, 1995, the plaintiffs filed a motion to re-tax costs. On October 23, 1995, the district court held a hearing on the matter and denied the motion to re-tax costs. On November 13, 1995, the district court issued a written opinion and order confirming its October 23 decision. This appeal followed.
 
 
 28
 We review the district court's award of costs for an abuse of discretion. National Info. Servs., Inc. v. TRW, Inc., 51 F.3d 1470, 1471 (9th Cir.1995). We also review the denial of a motion to re-tax costs for an abuse of discretion. Farmer v. Arabian American Oil Co., 379 U.S. 227 (1964).
 
 
 29
 After considering the arguments made by the plaintiffs on appeal, we conclude that the district court did not abuse its discretion in denying the motion to re-tax costs. The motion itself was untimely and the district court correctly concluded that plaintiffs' substantive arguments did not merit a re-taxing of the bill of costs approved by the clerk.
 
 CONCLUSION
 
 30
 After carefully reviewing the record in this case and considering all of the plaintiffs' arguments on appeal, we find no reason to disturb the carefully crafted district court order. Therefore, we AFFIRM the district court's order granting summary judgment in favor of the defendants and AFFIRM the district court's denial of the plaintiffs' motion to re-tax costs. All appellees are awarded their costs of appeal.
 
 
 31
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 More specifically, the Baileys allege that they have been deprived of their constitutional right of access to the courts. See Chambers v. Baltimore & Ohio Railroad Co., 207 U.S. 142 (1907). This right may be waived. See Brady v. United States, 397 U.S. 742, 748 (1970)
 
 
 [2]
 The Baileys' argument that the waiver, if voluntary, is a nullity due to the doctrine of unconstitutional conditions is without merit. That doctrine does not apply to these circumstances. See Perry v. Sindermann, 408 U.S. 593, 597 (1972)
 
 
 [3]
 This issue is raised in the separate appeal in case No. 95-56795