107 F.3d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sam FERRIS, Plaintiff-Appellant,
v.
Dave CAVALLARO; Jack Farmer; Officer, San Jose Police
Department; Michael Smith, Officer, San Jose Police
Department, San Jose Police Dept; City of San Jose; Santa
Clara County; State of California; Linda Welding; State
Compensation Insurance Fund; George Kennedy, Defendants-Appellees.
 No. 95-15182.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 13, 1997.
Decided Jan. 30, 1997.
 
 Before: LAY,* GOODWIN, and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sam Ferris filed a petition for rehearing and a suggestion for rehearing en banc from an unpublished memorandum disposition, Ferris v. Cavallaro, No. 95-15182, 69 F.3d 543, 1995 WL 643787 (9th Cir.1995). The panel vacated its earlier decision and granted rehearing. After oral argument and review of the record and briefs, we now affirm the district court.
 
 
 3
 The majority of Ferris' claims may not now be maintained because they attack the validity of his criminal conviction and are therefore barred by Heck v. Humphrey, 114 S.Ct. 2364 (1994). Of those that are not, the claim of a warrantless arrest and any other possible Fourth Amendment claims arising out of the same episode are time-barred. The limitations period for personal injury causes of action under state law determines the applicable statute of limitations for Section 1983 claims. Taylor v. Regents of University of California, 993 F.2d 710, 711 (9th Cir.1993) (per curiam). In California it is one year. Cal.Civ.Proc.Code § 340(3). "Federal law determines when a cause of action accrues and the statute of limitations begins to run for a § 1983 claim." See Elliot v. City of Union City, 25 F.3d 800, 801-02 (9th Cir.1994). "[T]he claim accrues when the plaintiff 'knows or has reason to know of the injury which is the basis of his action.' " Id. at 802 (quotation omitted). State law determines the application of tolling doctrines. Id. "In California, the statute of limitations for Section 1983 actions is tolled by Cal. Gov't Code § 945.3 while criminal charges are pending. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir.1995). "Under section 945.3, 'criminal charges are "pending" until the date of judgment.' " Id. (quotation omitted).
 
 
 4
 Ferris filed his complaint in December 1991, more than one year after the alleged warrantless arrest happened. Thus, his warrantless arrest and any other Fourth Amendment claim related to that incident would be barred by the statute of limitations, absent tolling of the statute. Because no criminal charges were ever brought against Ferris based on this particular warrantless arrest, the statute was not tolled, so Ferris' warrantless arrest claim is also time-barred.
 
 
 5
 Ferris' claims against the State Compensation Insurance Fund (the "Fund"), to which Heck does not apply, are also time-barred. Ferris initiated this action in December 1991. Because the court found that Ferris' claims against the Fund accrued no later than April 1990, the court correctly ruled that Ferris' claims against the Fund were time-barred.
 
 
 6
 Ferris' request for an injunction against defendant Farmer's prosecuting Ferris if he goes into the escort business again is not justiciable. There is nothing to suggest that Farmer was threatening to prosecute Ferris on the basis of some allegedly unconstitutional statutes other than the ones under which he was previously convicted. To the extent that Ferris' declaratory and injunctive relief claims challenge the validity of his conviction, and the relief he seeks would be equivalent to habeas corpus relief, his exclusive remedy is a writ of habeas corpus. See Trimble, 49 F.3d at 586.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The Honorable Donald P. Lay, United States Circuit Senior Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3