125 F.3d 858
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Antoinette LAWRENCE, Plaintiff-Appellant,
v.
CITY OF RICHMOND, a municipal corporation; Leonard Whorton,
Defendants-Appellees.
 No. 96-15177.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 17, 1997**
Decided Oct. 1, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-95-01430-MPH; Marilyn H. Patel, District Judge, Presiding.
 Before: KOZINSKI, MAYER*** and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lawrence appeals the district court's dismissal of her civil rights claims on statute of limitations grounds. We have held that claims in California under 42 U.S.C. §§ 1983 or 1985 have a one year limitations period. McDougal v. County of Imperial, 942 F.2d 668, 673 (9th Cir.1991). (It is unclear whether Lawrence's claim is brought under section 1983 or 1985. Since the same stat-ute of limitations applies to both sections, we need not determine which section Lawrence relies on.) Lawrence's First Amended Com-plaint alleges that "[c]ommencing on or about March 1993 and cul-minating on September 21, 1993, when plaintiff was wrongfully ter-minated from her employment, defendants ... conspired and acted to terminate plaintiff's employment with the City of Richmond in violation of plaintiff's right to due process and equal protection of the law." The limitations period began when Lawrence "[knew] or ha[d] reason to know of the injury which is the basis for [her] action." Hoesterey v. City of Cathedral City, 945 F.2d 317, 319 (9th Cir.1991) (citation omitted). Lawrence's limitations period began to run on September 21, 1993, when she learned she was fired.
 
 
 3
 Lawrence relies on Buckey v. County of Los Angeles, 968 F.2d 791 (9th Cir.1992), for the proposition that conspiring under color of state law to expose someone to unnecessary proceedings is an actionable claim. She asserts in her reply brief that her in-jury was that "she was subjected to the [unnecessary] proceedings, not that her employment was terminated." Therefore, she claims, her limitations period began December 14, 1993, the date of her last administrative hearing. However, in her amended complaint, Lawrence does not allege any post-termination conspiracy conduct by defendants. She only argues that the subsequent proceedings were necessitated by the conspiracy. "[A] statute of limitations period is triggered by the decision constituting the discrimina-tory act and not by the consequences of that act." McCoy v. San Francisco, 14 F.3d 28, 30 (9th Cir.1994).
 
 
 4
 Because Lawrence failed to file her complaint by September 21, 1994, her claim is barred as untimely.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 * The Honorable H. Robert Mayer, United States Court of Appeals for the Federal Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3