M. STAFFORD, a minor child now deceased; Robert Hensley; Patricia Hensley; Tatiana Gutierrez, Plaintiffs–Appellants,

v.

COUNTY OF WASHOE; Washoe County Social Services; May Shelton, Defendants–Appellees,

and

Joann Fletcher, Defendant.

M. Stafford, a minor child now deceased; Robert Hensley; Patricia Hensley; Tatiana Gutierrez, Plaintiffs–Appellants,

v.

May Shelton; Kathleen Shane; Joann Fletcher, Defendants–Appellees.

No. 99–16642, 99–16645.
D.C. No. CV–97–00686–DWH.
D.C. No. CV–98–00404–DWH.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2001 *.

Decided Feb. 23, 2001.

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before ALARCÓN, KOZINSKI, and HAWKINS, Circuit Judges.

MEMORANDUM **

The state court decision of June 20, 1997 was a final ruling on the merits under Nevada law that (1) appellants lack standing to sue as the heirs of Mailin Stafford and (2) Washoe County Social Services and Washoe County Child Protective Services, as departments of a political subdivision of the State of Nevada, are not entities subject to suit. Because the issues and the parties are identical here, issue preclusion requires that we respect the Nevada court's rulings. *Executive Mgmt., Ltd. v. Ticor Title Ins. Co.*, 114 Nev. 823, 963 P.2d 465, 473–74 (Nev.1998).[1]

The district court correctly ruled that the complaint failed to state a claim, under state or federal law, based on any delay in placing Tatiana Gutierrez with the Hensleys. The relevant state statute, Nev.Rev.Stat. 432B.190, requires the agency to make custody determinations but does not impose mandatory time frames for placement with relatives. Appellants have not shown that any alleged misconduct rose to a violation of substantive due process. *See (Armendariz v. Penman*, 75 F.3d 1311, 1318 (9th Cir.1996) (en banc) (government's action must have been "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare") (internal quotation marks omitted)).

Finally, the district court did not err in denying appellants' proposed amendment to the complaint. Amending the complaint to include Robin Butters as a plaintiff would be futile; any claim brought by Butters would be barred by the statute of limitations. Defendants' roles in the placement were a matter of public record, known to the family members, including Butters, at the time of Mailin's unfortunate death. Federal law controls accrual, and claims accrue "when a plaintiff knows or has reason to know of the injury which is the basis of his action." *Cline v. Brusett*, 661 F.2d 108, 110 (9th Cir.1981). Since it is the act and not the consequences of the act that triggers notice, *McCoy v. San Francisco*, 14 F.3d 28, 30 (9th Cir.1994), Butters had notice of any improper conduct by defendants at the time of Mailin's death, long before the grand jury even convened. Therefore, the two-year statute of limitations for 42 U.S.C. § 1983 claims in Nevada, Nev.Rev. Stat. 11.190(4)(e), expired in mid–1996, over a year before this lawsuit was filed.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Under *Takahashi v. Bd. of Trustees of Livingston Union Sch. Dist.*, 783 F.2d 848, 850 (9th Cir.1986), federal courts must give a state court judgment the same preclusive effect that judgment would receive in the courts of the state where it was rendered.