Joe PALAZZOLO, Plaintiff–Appellant,

v.

Gordon SONNE, Individually and in his official capacity as Sheriff of the County of Monterey; et al., Defendants–Appellees.

No. 05–15389.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2007.

Filed Feb. 20, 2007.

Rymer, Circuit Judge, dissented.

Gasper R. Garcia, II, Esq., Garcia & Associates, Sacramento, CA, for Plaintiff–Appellant.

Charles J. McKee, Esq., Frank G. Tiesen, Esq., Traci A. Kirkbride, Office of the County Counsel, Salinas, CA, Susan K. Blitch, Esq., Vincent P. Hurley, Esq., Law Offices of Vincent Hurley P. Aptos, CA, for Defendants–Appellees.

Before: REINHARDT, RYMER, and SILVERMAN, Circuit Judges.

MEMORANDUM *

Joe Palazzolo appeals the district court's grant of summary judgment in favor of Monterey County, the City of Sand City,

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and several individuals named in Palazzolo's 42 U.S.C. § 1983 complaint. The district court concluded that Palazzolo's § 1983 claims were barred by the statute of limitations. We reverse.

State law determines the statute of limitations period for actions brought under 42 U.S.C. § 1983. *Usher v. City of Los Angeles,* 828 F.2d 556, 558 (9th Cir.1987). California's one-year statute of limitations for personal injury actions applies to Palazzolo's § 1983 claims. *See Cervantes v. City of San Diego,* 5 F.3d 1273, 1275 (9th Cir. 1993); Cal. Civ. Proc. § 340(3). Federal law determines the point at which the limitations period begins to run. *McCoy v. City & County of S.F.,* 14 F.3d 28, 29 (9th Cir.1994) (citation omitted).

Palazzolo argues that the statute of limitations began to run—i.e., the final decision was made—when the Monterey County Board of Supervisors adopted the arbitrator's award. We agree. A cause of action accrues "when a plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* (citation omitted). There is no dispute that Palazzolo knew that he was in trouble with his department when Sonne issued the Notice of Punitive Action on December 17, 2001, but that decision was far from final. The Memorandum of Understanding governing Palazzolo's employment contemplates that a departmental decision is just the first rung on the ladder leading to a final decision. Next come proceedings before an arbitrator. Then, the Board of Supervisors makes the final decision. Sonne's Notice of Punitive Action *would* have been the end-of-the-line had Palazzolo chosen to desist from taking the next step, but he *did* go to the next step. Because Palazzo-

lo's post-December 17, 2001 actions were those provided for by the Memorandum of Understanding and were a part of the process leading up to the Board's decision, they cannot be said to have been a "collateral challenge," as would have occurred had Palazzolo pursued remedies such as arbitration (or litigation) *after* the employer's final decision had been made and thereby challenged that final decision.

Therefore, Palazzolo's lawsuit, filed about seven months after the Board rendered its decision, did not violate the one-year statute of limitations.[1]

**REVERSED.**

Judge Rymer would affirm. *See Delaware State College v. Ricks,* 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980); *International Union of Electrical, Radio & Machine Workers v. Robbins & Myers, Inc.,* 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976).

---

1. The district court treated the starting date for the statute of limitations as the same for both the Sand City defendants and the Monterey County defendants. On remand, the district court should determine whether the claims against the Sand City defendants accrued earlier, an issue on which we express no opinion.