United States Court of Appeals,

Fifth Circuit.

No. 91–4015.

Summary Calendar.

Esmael Balboa TIJERINA, Plaintiff–Appellant,

v.

Larry V. PLENTL, Assistant Warden, et al., Defendants–Appellees.

April 16, 1992.

Appeal from the United States District Court for the Eastern District of Texas.

Before POLITZ, Chief Judge, KING and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Alleging prison guards attacked him in retaliation for his exercise of prison grievance procedures, Esmael Tijerina, an inmate in the Texas Department of Criminal Justice, Institutional Division, proceeding pro se and in forma pauperis (IFP), filed a complaint pursuant to 42 U.S.C. § 1983. Following trial, the jury returned a verdict for defendants and the district court entered judgment against Tijerina. Tijerina then moved for a new trial, which the district court denied as untimely. Subsequently, Tijerina filed a motion with this court to proceed IFP. Construing Tijerina's motion to proceed IFP as a timely notice of appeal, we find that we have jurisdiction to consider the merits of Tijerina's action. However, since Tijerina raises a section 1983 cause of action alleging an Eighth Amendment violation, we vacate the district court's opinion and remand with instructions to reconsider this case in light of the Supreme Court's recent decision in *Hudson v. McMillian,* —— U.S. ——, 112 S.Ct. 995, —— L.Ed.2d —— (1992).

I

Following a jury trial which resulted in judgment for the defendants, Tijerina filed two notices of appeal—one on December 10, 1990 and the other on December 14, 1990. On December 13, 1990, Tijerina served a motion for a new trial which was filed with the district court on December

18, 1990. Tijerina's motion for new trial extinguished his notices of appeal.[1] Tijerina then filed a Motion to Proceed IFP with the district court on January 10, 1991.

On February 26, 1991, the district court denied Tijerina's timely Motion for New Trial and Motion to Proceed IFP.[2] The district court further held that even if Tijerina's motion were construed as a Rule 60(b) motion—a motion calling into question the correctness of the judgment—which can be filed up to a year following the entry of a judgment,[3] the motion lacked merit. On March 21, 1991,

---

[1]Rule 4(a)(4) of the Federal Rules of Appellate Procedure provides that if any party files a timely motion for new trial under Rule 59, a notice of appeal filed before the disposition of that motion shall have no effect. Therefore, Tijerina's motion for new trial extinguished his notices of appeal. *See Osterneck v. Ernst & Whinney,* 489 U.S. 169, 109 S.Ct. 987, 988, 103 L.Ed.2d 146 (1989) (Rule 4(a)(4) provides if any party files a Rule 59 motion, a notice of appeal filed before the disposition of that motion "shall have no effect"); *see also Zapata Gulf Marine Corp. v. Puerto Rico Maritime Shipping Auth., et al.,* 925 F.2d 812, 814 (5th Cir.1991) (Notice of Appeal filed during pendency of motion was of no effect).

[2]The district court incorrectly denied Tijerina's motion for a new trial as untimely. In determining timeliness, the proper procedure is to count days from the entry or docketing date of the judgment, not from the date the judgment is filed. *See Ross v. Global Marine,* 859 F.2d 336, 337 (5th Cir.1988) (timeliness of an appeal from final judgment must be measured from the date of entry). Accordingly, Tijerina had ten days from December 6, 1990—until December 16—to move for a new trial (page 8 of the docket sheet states that judgment was filed on December 4, 1990 and entered on December 6, 1990). *See* Fed.R.Civ.P. 59(b) ("A motion for new trial shall be *served* not later than 10 days after *entry* of judgment) (emphasis added). Tijerina served his motion for new trial on December 13, 1990 which was filed on December 18, 1990. The correct date for measuring the timeliness of the motion is the date it was served (December 13, 1990), not the date it was filed. *See Allen v. Ault,* 564 F.2d 1198, 1199 (5th Cir.1977) (Rule 59(b) applies to time of service and not time of filing); *see also Harcon Barge Co., Inc. v. D & E Boat Rentals,* 746 F.2d 278, 289 (5th Cir.1984) (the date served is the relevant date for its timeliness, not the date it was filed).

In denying Tijerina's motion for new trial, the district court erred by using the dates December 4 (the date the court's judgment was filed) and December 18 (the date Tijerina's motion was filed). Tijerina's motion was served on December 13—seven days from the date the district court entered its judgment on December 6 and well within the 10 days prescribed by Rule 59(b) of the Federal Rules of Civil Procedure.

[3]Rule 60(b) of the Federal Rules of Civil Procedure provides:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied,

Tijerina filed a motion with this court to proceed on appeal IFP.

## II

When our jurisdiction is at all questionable and the parties have failed to raise the issue, this Court must examine the basis of its jurisdiction on its own motion. *See Mosley v. Cozby,* 813 F.2d 659, 660 (5th Cir.1987). We embark upon such an examination in this case.

Rule 4(a)(4) of the Federal Rules of Appellate Procedure provides that:

> [i]f a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party ... under Rule 59 for a new trial, the time for appeal for parties shall run *from the entry of the order denying a new trial or granting or denying any other such motion.* A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.

Fed.R.App.P. 4(a)(4) (emphasis added). Pursuant to Rule 4(a)(4), the time for Tijerina to file a notice of appeal on the district court's denial of his motion for new trial began to run on February 26, 1991. Tijerina had 30 days from that date to file a notice of appeal.[4] *See Barber v. Security Ben. Life Ins. Co.,* 936 F.2d 210, 211 (5th Cir.1991) ("An appellant has 30 days from entry of final judgment in which to file a notice of appeal. The 30–day period may be extended if a *timely* motion is filed in the district court under Fed.R.Civ.P. 59(e) to alter or amend the judgment."). Although Tijerina did

> released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

[4]Fed.R.App.P. 4 provides in pertinent part:

**(a) Appeals in Civil Cases.**

(1) In a civil case in which an appeal is permitted by law as of right form a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed ... within 30 days after the entry of judgment appealed from....

(4) If a timely motion is filed ... (iii) under Rule 59 ... the time for appeal shall run from the entry of the order ... granting or denying the motion....

not file a proper notice of appeal, he did file a motion to proceed IFP on March 21, 1991.

Tijerina's timely motion was accompanied by an Affidavit in Support of Motion to Proceed on Appeal In Forma Pauperis, which raises several grounds to challenge the district court's judgment against him and its denial of his motion to proceed on appeal IFP. This Court has repeatedly held that such a motion "is the substantial equivalent of a notice of appeal and is effective to invoke appellate jurisdiction." *United States v. Cooper,* 876 F.2d 1192, 1195 (5th Cir.1989).[5]

In *Fischer,* this court noted in order to qualify as the equivalent of notice of appeal, a document should accomplish the dual objectives of (1) notifying the Court and (2) notifying opposing counsel of the taking of appeal. *See Fischer v. United States Dep't of Justice,* 759 F.2d at 464; *see also Van Wyk El Paso Investment, Inc.,* 719 F.2d 806, 807 (5th Cir.1983). Tijerina's motion to proceed IFP accomplishes these goals. In fact, Tijernia's IFP motion satisfies the requirements of Rule 3(c) of the Federal Rules of Appellate Procedure.[6] Accordingly, we find that we have jurisdiction to consider the merits of Tijerina's appeal.

III

Tijerina alleges that prison guards attacked him in retaliation for his exercise of prison grievance procedures—a section 1983 excessive force action alleging an Eighth Amendment

---

[5]*See Fischer v. United States Dep't of Justice,* 759 F.2d 461, 464 (5th Cir.1985) (under well-settled principles, a timely motion to proceed in forma pauperis on appeal is substantial equivalent of a notice of appeal); *Robbins v. Maggio,* 750 F.2d 405, 408–409 (5th Cir.1985) (it is well-established that request to proceed IFP satisfies filing requirement for notice of appeal), *citing Causey v. Civiletti,* 621 F.2d 691 (5th Cir.1980); *Cobb v. Lewis,* 488 F.2d 41 (5th Cir.1974); *Tillman v. United States,* 268 F.2d 422, 424 (5th Cir.1959) (we have held a petition for leave to appeal IFP to be substantial compliance with notice of appeal requirements).

[6]Rule 3(c) of the Federal Rule of Appellate Procedure provides:

> **(c) Content of the Notice of Appeal.** The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed form; and shall name the court to which the appeal is taken.... An appeal shall not be dismissed for informality of form or title of notice of appeal.

violation. While Tijerina's appeal was pending before this court, the United States Supreme Court decided *Hudson v. McMillian,* —— U.S. ——, 112 S.Ct. 995, —— L.Ed.2d —— (1992), and changed the standard we apply for excessive force claims. Specifically, the Court held that the use of excessive physical force against a prisoner may constitute cruel and unusual punishment *even though the inmate does not suffer serious injury,* thereby overruling the significant injury standard we previously relied upon.[7] Accordingly, we vacate the district court's opinion and remand with instructions to reconsider this case in light of *Hudson.*

IV

For the foregoing reasons, we VACATE and REMAND for reconsideration.

---

[7]*See Huguet v. Barnett,* 900 F.2d 838, 841 (5th Cir.1990);

In order for a plaintiff to prevail, on an Eighth Amendment "excessive force" claim, these four elements must be proven:

1. a significant injury, which

2. resulted directly and only from the use of force that was clearly excessive to the need, the excessiveness of which was

3. objectively unreasonable, and

4. the action constituted an unnecessary and wanton infliction of pain.