78 F.3d 586
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Warren ALLEN, Plaintiff-Appellant,
v.
BOARD OF GOVERNORS OF STATE COLLEGES AND UNIVERSITIES, and
Chicago State University, Defendants-Appellees.
 No. 94-2027.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 24, 1996.[1]
Decided March 6, 1996.
 
 Before FAIRCHILD, COFFEY and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Warren Allen filed suit against defendants Board of Governors of State Colleges and Universities ("Board of Governors") and Chicago State University ("Chicago State") under 42 U.S.C. §§ 1981, 1983, 1985(3) & 2000d, alleging that their refusal to award Allen a chemistry degree is the result of racial discrimination.
 
 
 2
 In March 1993, the district court dismissed with prejudice the claims under 42 U.S.C. §§ 1981, 1983 & 1985(3), to Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction based on the Eleventh Amendment's bar against federal courts hearing suits by citizens against states. The court permitted the Title VI claim to proceed, since Congress excepted Title VI causes of action accruing after October 21, 1986 from the scope of the Eleventh Amendment, 42 U.S.C. § 2000d-7, rejecting defendants' statute of limitations argument.[2] In March 1994, the district court granted summary judgment for defendants on the Title VI claim.
 
 Background
 
 3
 The complaint alleges that in 1987, Allen, a student at Chicago State, was the target of offensive remarks (unspecified) by a chemistry instructor, Leslie Williams. A meeting with the chairperson of the chemistry department was unsuccessful, and thereafter the chairperson allegedly "shunned" Allen, who then decided to switch majors to mathematics, only to discover that the mathematics faculty "closed ranks" with the chemistry faculty to delay Allen's graduation. Chicago State refused to give Allen a letter indicating that he was close to graduating so that he could enroll in graduate school.
 
 
 4
 Allen then enrolled at Governors State University, taking chemistry classes that were the same or similar to courses offered at Chicago State. "Unknown persons" from Chicago State passed along information to members of the Governors State's faculty that was "probably unfavorable" to Allen. Nevertheless, in December 1987 Allen received a Bachelor of Arts degree from Governors State, and a mathematics degree (but not the sought-after chemistry degree) from Chicago State. In January 1988, Chicago State refused Allen a bachelor of science degree with a major in chemistry, because it refused to accept the transfer of credits from Governor State. The complaint alleges further that Chicago State agreed to accept transfer credits for a white student who was in substantially the same position as Allen. In March 1990, defendants allegedly instructed a billing agency to submit a false report about Allen to a national credit bureau for delinquent loan payments.
 
 Appellate Jurisdiction
 
 5
 We first address our appellate jurisdiction.[3] Instead of filing a notice of appeal, plaintiff filed only a petition to proceed on appeal in forma pauperis (IFP). The district court properly viewed the IFP petition as the equivalent of a notice of appeal. See Tijerina v. Plentl, 958 F.2d 133, 134 (5th Cir.1992); Wilborn v. Escalderon, 789 F.2d 1328, 1330 (9th Cir.1986).
 
 Timeliness of Notice of Appeal
 
 6
 The final order of the district court granting defendants' motion for summary judgment was docketed on March 10, 1994. Plaintiff had 30 days to file a notice of appeal. Fed.R.App.P. 4(a)(1). Plaintiff's IFP motion was stamped "received" by the district court on April 7, 1994, within 30 days. The fact that the IFP motion was not docketed by the district court clerk until April 14, 1994 does not destroy our jurisdiction. See Rule 12(d) of the Rules of the U.S.District Court for the Northern District of Illinois, Eastern Division.[4] See also Parke-Chapley Construction Co., 865 F.2d 907, 909 (7th Cir.1989).
 
 Notice of Summary Judgment Requirements
 
 7
 Plaintiff complains that he was not given a formal notice of the consequences of failing to respond to a summary judgment motion pursuant to Lewis v. Faulkner, 689 F.2d 100 (7th Cir.1982) (pro se prisoner), and Timms v. Frank, 953 F.2d 281, 285 (7th Cir.1992) (extending Lewis v. Faulkner to non-prisoner pro se litigants). Defendants concede that no formal notice was given by the district court or by defendants. Nevertheless, it is clear that plaintiff had the requisite knowledge which would have been contained in a formal notice, since Allen himself filed a motion citing Lewis v. Faulkner. See Kincaid v. Vail, 969 F.2d 594, 599 (7th Cir.1992). In addition, Allen indicated his understanding of summary judgment when, in his Motion for Extension of Time[5] in which to Answer or Otherwise Plead to Defendants' Motion for Summary Judgment, he relied on the fact that he would need to obtain transcripts in order to respond fully.
 
 Merits of Summary Judgment
 
 8
 We review the grant or denial of summary judgment de novo. Fed.R.Civ.P. 56(c). Summary judgment is proper where the pleadings, affidavits, depositions, admissions on file raise no genuine issue of material fact and demonstrate that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The district court's thorough and detailed memorandum opinion fully sets forth the complete absence of material factual issues. After a de novo review of the record, we conclude that it was proper to enter summary judgment in favor of defendants for the reasons stated in the district court's memorandum opinion and order dated March 8, 1994. In particular, we emphasize the undisputed fact, repeatedly testified to by plaintiff at his deposition, that he was not alleging and did not believe that Instructor Williams' remarks, conduct, and teaching methods were based on racial animus.
 
 Statute of Limitations
 
 9
 The parties have contested the district court's application of Illinois' five-year statute of limitation on the Title VI claim. Cf. Wilson v. Garcia, 471 U.S. 261 (1985); Baker v. Board of Regents, 991 F.2d 628, 631 (10th Cir.1993); Beard v. Robinson, 563 F.2d 331, 338 (7th Cir.1977). However, we need not decide this issue, since we hold on the merits that summary judgment for defendants was proper.
 
 Rule 37(b)(2) Motion
 
 10
 Finally, Allen maintains that the district court should have ceased considering the defendants' summary judgment motion while his Rule 37(b)(2) motion was considered. Discovery had been closed for six months by the time Allen filed the Rule 37(b)(2) motion. See Gieringer v. Silverman, 731 F.2d 1272, 1280 (7th Cir.1984). There was no error. The district court did not abuse its discretion in ruling on the summary judgment motion while the Rule 37(b)(2) motion was pending.
 
 Conclusion
 
 11
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument. See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [2]
 The district court rejected defendants' motion for reconsideration on this issue in November 1993
 
 
 [3]
 Pursuant to our request, the parties filed supplemental memoranda regarding appellate jurisdiction
 
 
 [4]
 Rule 12(d) reads: "The date of filing of a motion will be the same as the date of presentment, provided that where the motion must be filed within a time limit, the date on which the copy of the motion was delivered to the clerk, minute clerk, or chambers in accordance with the provisions of section (f) or section (g) of this Rule will be the date of filing."
 
 
 [5]
 Moreover, the court granted the extension of time, but plaintiff never filed a responsive pleading. In addition, plaintiff does not specify what evidence he would have introduced had he received the type of notice contemplated under Lewis v. Faulkner