United States Court of Appeals
Fifth Circuit

**F I L E D**

October 10, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 02-60067
_____

JAMES M LYLE, IV,

Plaintiff - Appellant,

versus

JAMES V ANDERSON; WALTER BOOKER; C DAVID TURNER;
JOHN BEARRY; RICHARD KNUTSON; PAUL EMERSON;
MISSISSIPPI DEPARTMENT OF CORRECTIONS MEDICAL
DIRECTOR; JOHN DOES; LYRONE, DR; RONNIE MUSGROVE,
Governor; MISSISSIPPI LEGISLATURE; MISSISSIPPI SUPREME
COURT; MIKE MOORE,

Defendants - Appellees.

Appeal from the United States District Court
For the Southern District of Mississippi
3:00-CV-379-BN

Before EMILIO M. GARZA and DENNIS, Circuit Judges, and DUPLANTIER,* District Judge.

PER CURIAM:**

_____

*Senior District Judge of the Eastern District of Louisiana, sitting by designation.

**Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

James Lyle appeals the district court's dismissal of his civil rights lawsuit against various officials of the Mississippi Department of Corrections. Lyle's original complaint alleges constitutional rights violations stemming from two separate incidents. In 1996, while still in prison, Lyle was involved in a prison van wreck. Lyle contends that he was injured in that wreck and that the defendants were deliberately indifferent to his subsequent medical needs. The complaint also asserts that the defendants have retaliated against him, in violation of his Eighth Amendment rights, because of his litigious relationship with the prison system. Lyle has filed at least seventeen lawsuits against Mississippi prison officials in the past, fifteen of which have been in U.S. District Court. Among other things, Lyle claims that, in retaliation for these suits, the defendants had him transferred to a "punishment unit" and arranged for a prison gang to assault him in April 2000. Finally, Lyle amended his complaint to challenge the constitutionality of the Mississippi Sovereign Immunity Act, MISS. CODE ANN. § 11-46-9(1), and list additional defendants.

The district court referred the case to a magistrate judge. The magistrate judge held an omnibus/*Spears* hearing. *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). After the hearing, Booker and Bearry ("the defendants") filed a motion to dismiss or, in the alternative, a motion for summary judgment. The magistrate judge considered the motion and recommended that Lyle's suit be dismissed. After recounting Lyle's many prior suits, the magistrate judge concluded that Lyle had already presented many of his claims in a Mississippi state court suit that was filed in Sunflower County in 1997 ("the Sunflower County suit"). The magistrate judge also found that Lyle's prison attack claims were frivolous and failed to state a claim upon which relief could be granted, and recommended that they be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Finally, the magistrate judge found that Lyle's constitutional challenge to the state's sovereign

immunity statute was meritless.

Lyle objected to the magistrate judge's recommendations and filed an affidavit of bias, pursuant to 28 U.S.C. § 144, against both the magistrate judge and the district court. The district court denied Lyle's objections, adopted the magistrate judge's report and recommendations, and dismissed the complaint. Lyle timely appealed. The district court denied him leave to proceed *in forma pauperis* (IFP) on appeal, however, so Lyle paid the appellate filing fee.

On appeal, Lyle makes the following arguments: (1) that the district court erred in dismissing his van wreck claims on the bases of *res judicata* and the *Rooker-Feldman* doctrine; (2) that the district court erred when it dismissed his prison attack claims as frivolous under 28 U.S.C. § 1915(e); (3) that the district court erred in denying him IFP status because he does not have three strikes as required by 28 U.S.C. § 1915(g) and because, regardless of strikes, he met the "imminent danger" exception to § 1915(g); and (4) that the district court and magistrate judge erred by failing to recuse themselves under 28 U.S.C. §§ 144 and 455. We address each argument in turn.[1]

First, Lyle contends that the district court was wrong to dismiss his suit on *res judicata* and *Rooker-Feldman* grounds. The district court adopted the magistrate judge's conclusion that the Sunflower County decision was a binding state court decision that was *res judicata* with respect to "many" of Lyle's claims. Likewise, it found that the *Rooker-Feldman* doctrine deprived the district court of subject matter jurisdiction over Lyle's claims.

We review *res judicata* determinations and dismissals for lack of subject matter jurisdiction *de novo*. *Atlas Global Group, L.P. v. Grupo Dataflux*, 312 F.3d 168, 170 (5th Cir. 2002);

---

[1]As noted *supra*, Lyle challenged the constitutionality of the Mississippi Sovereign Immunity Act, MISS. CODE ANN. § 11-46-9(1), in his amended complaint. Lyle has not, however, briefed this issue on appeal. Thus, it is abandoned. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

*Schmueser v. Burkburnett Bank*, 937 F.2d 1025, 1031 (5th Cir. 1991). Because the first suit was conducted in Mississippi state court, we accord the judgment the same preclusive effect that it would have under Mississippi state law. *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000).

Lyle argues that *res judicata* does not apply because the Mississippi court did not adjudicate the merits of his claims, but rather dismissed his suit on sovereign immunity grounds. Thus, he contends there was no "final judgment on the merits" that could support the district court's holding. We find Lyle's argument to be without merit. Under Mississippi law, a prior state court decision rendered on sovereign immunity grounds is *res judicata* with respect to a later suit alleging the same claims against the same defendants. *Mosby v. Moore*, 716 So. 2d 551, 557 (Miss. 1998).

In the Sunflower County suit, Lyle raised claims relating to the van wreck and his subsequent denial of medical treatment. We find the four identities required under Mississippi law to be satisfied with respect to these claims.[2] Thus, *res judicata* bars Lyle's suit to the extent he seeks to relitigate those claims.

Lyle repeats his "final judgment on the merits" argument in an attempt to undermine the district court's *Rooker-Feldman* holding. To the extent the district court determined that *Rooker-Feldman* deprived it of jurisdiction to reconsider the state court's disposition of Lyle's van wreck

---

[2]For *res judicata* to apply, Mississippi law requires:

> (1) identity of the subject matter of the original action when compared with the action now sought to be precluded; (2) identity of underlying facts and circumstances upon which a claim is asserted and relief sought in the two actions; (3) identity of the parties to the two actions, an identity met where a party to the one action was in privity with a part to the other; and (4) identity of the quality or character of a person against whom the claim is made.

*Reid ex rel. Reid v. Am. Premier Ins. Co.*, 814 So. 2d 141, 145 (Miss. 2002).

claims, we agree. Clearly, the claims that Lyle seeks to bring now are "inextricably intertwined" with the Sunflower County decision. *Davis v. Bayless*, 70 F.3d 367, 375-76 (5th Cir. 1995) (internal quotation marks omitted). Thus, with regard to Lyle's van wreck claims, we find no error in the district court's dismissal.

However, Lyle's claim related to the prison attack on him (which was allegedly ordered by the guards) is *not* barred by *res judicata*, *Rooker-Feldman*, or any Mississippi statute of limitations. The Sunflower County suit was filed and decided long before the attack allegedly occurred. In addition, Lyle filed suit just a few weeks after the attack allegedly occurred. Thus, the claim is timely under the applicable statute of limitations. MISS. CODE ANN. § 15-1-49 (providing a residual three-year statute of limitations). The prison attack claim is the only one not barred by *res judicata*.

Second, Lyle asserts that the district court was wrong to dismiss the retaliation/prison attack claim as frivolous under 28 U.S.C. § 1915(e). We have held that the complaint of a prisoner who is *not* proceeding IFP cannot be dismissed under § 1915(e)(2). *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). There is, however, a similar provision, 28 U.S.C. § 1915A, that does apply to Lyle's suit and mandates that a suit be dismissed if it is frivolous or fails to state a claim.

We apply an abuse of discretion standard of review to dismissals for frivolousness, but review *de novo* if the basis for the dismissal was failure to state a claim. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998). Regardless of which standard we apply, we cannot find support in the record for the district court's dismissal of Lyle's prison attack claim.

A claim is frivolous only if it "lacks an arguable basis in law or fact." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). To lack an arguable basis in law, the claim must be "based on an

indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Id.* (internal quotation marks omitted). To lack an arguable basis in fact, the facts alleged must be "clearly baseless." *Berry*, 192 F.3d at 507 (internal quotation marks omitted).

In both Lyle's original and amended complaints, he alleged that his constitutional rights were violated when the defendants had him deliberately reclassified to a less desirable prison unit and arranged for him to be assaulted by other prisoners. Lyle further alleged that the assault was in retaliation for his long history of litigation and activism against the prison system and that he sustained injuries as a result of the assault. This appears to be both a non-frivolous and a cognizable claim.

Clearly, a retaliation claim is of constitutional dimension. *See, e.g.*, *Tijerina v. Plentl*, 958 F.2d 133, 136 (5th Cir. 1992) (characterizing an allegation of a retaliatory attack by prison guards as an Eighth Amendment excessive force claim). Although Lyle's transfer to various prison units may not have implicated a legal interest, an ordered assault on him would implicate recognized constitutional rights. *See generally Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (considering the Eighth Amendment in the context of an attack on a prisoner by guards when the situation did not require force); *see also Hudson v. Palmer*, 468 U.S. 517, 530 (1984) (stating that the Eighth Amendment is available as a remedy for "calculated harassment unrelated to prison needs" by prison officials).

Further, nothing in the record suggests that the alleged facts of Lyle's claim are baseless. At the omnibus/*Spears* hearing, Lyle provided details of his prison attack claim and submitted a sworn

affidavit from another prisoner that corroborates his version of events.[3] The defendants, on the other hand, have not submitted any factual proof disputing Lyle's contentions. At the omnibus/*Spears* hearing the magistrate judge did not conclude that this claim was frivolous. In fact, he advised the parties "you've got enough issues that I'm going to let you go on with discovery." In the omnibus order entered following the hearing, the defendants were ordered to respond to Lyle's outstanding discovery requests. The district court abused its discretion when it dismissed Lyle's prison attack claim as frivolous.

For similar reasons, we also find that Lyle's prison attack claim is cognizable. Generally, dismissals for failure to state a claim are viewed with disfavor. *S. Christian Leadership Conference v. Supreme Court*, 252 F.3d 781, 786 (5th Cir. 2001). All facts pled by the plaintiff are taken as true, and this court does not affirm such a dismissal unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (internal quotation marks omitted). Such is not the case here. Accordingly, the district court's dismissal of this claim was error.

Third, Lyle contends that the district court erred in denying him IFP status on the basis of the three-strikes provision of 28 U.S.C. § 1915(g). Lyle first argues that the district court erroneously counted previous dismissals of his cases as strikes. Section 1915(g) denies a prisoner the privilege of proceeding IFP if "the prisoner has, on 3 or more prior occasions . . . brought an action or appeal

---

[3] At the hearing Lyle testified that he was making a claim for "a First Amendment retaliatory transfer. It also includes being set up for a gang hit at Parchman . . . I was moved from a medical class housing unit to a punishment squad at Unit 29 at Parchman. I'm a B custody, medical class 4, and I was moved to C and D custody and then I was jumped on for by gang members up there . . . this was in retaliation for me helping inmates . . . ." Lyle also testified that he suffered a split forehead and multiple bruises and contusions as a result of the assault, for which he was treated, and he sought production of the medical records.

. . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

In his original complaint, Lyle challenged his "three strikes" status, arguing that he should be allowed to proceed IFP. The district court considered and rejected Lyle's argument, finding that Lyle did indeed have three strikes. Lyle then objected, arguing that (1) some of the "strikes" counted by the district court were not really strikes, and (2) even if he had three strikes, he still qualified for IFP status under the "imminent danger of serious physical injury" exception in § 1915(g). But six days later, before the district court had ruled on Lyle's objections, he paid the filing fee. Ten months after that, while the suit was still ongoing, Lyle filed a petition for mandamus in this court, asking to have the fee refunded. We denied the petition, but explicitly stated that Lyle could challenge the district court's refusal to refund the money once a final judgment in the case was issued.

The district court was correct to rule that Lyle had three strikes. The district court counted as strikes two cases dismissed by this court pursuant to 5TH CIR. R. 42.2, the provision for dismissing frivolous appeals. Contrary to Lyle's contentions, these dismissals count as strikes. *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). With regard to the third strike, the district court counted *Lyle v. Jarrell*, No. 1:95-CV-211-GR (S.D. Miss. Aug. 16, 1995), as a strike. That case was dismissed without prejudice as frivolous. Lyle argues that a dismissal without prejudice is not a strike. We disagree. *See, e.g.*, *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 462-64 (5th Cir. 1998) (counting as a strike the dismissal of a § 1983 action that included habeas claims that were dismissed without prejudice).

Lyle next argues that even if he has three strikes, he should have been allowed to proceed IFP under the imminent danger exception. He emphasizes that he filed his complaint only eleven days

after the prison assault and that he was housed in a unit where the assailants were present. Lyle first raised this argument when he objected to the court's denial of IFP status. He then paid the fee in full before the district court had a chance to consider this argument. We cannot evaluate Lyle's imminent danger argument now, given that it was not developed in the district court. *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (holding that a plaintiff must be in imminent danger *at the time he seeks to file his complaint or notice of appeal IFP*). Thus, he is not entitled to any sort of relief under the imminent danger exception to § 1915(g).

Finally, Lyle challenges the failure of the magistrate judge and the district court to recuse themselves. The denial of a motion to recuse is reviewed for abuse of discretion. *Matassarin v. Lynch*, 174 F.3d 549, 571 (5th Cir. 1999) (citing *In re Billedeaux*, 972 F.2d 104, 106 (5th Cir. 1992)). Lyle emphasizes that the magistrate judge filed his recommendation and report the same day that the district court transferred the case. He also asserts that the judges were "unlawfully EARWIGGED and otherwise influenced by political powers" to stop his case. Lyle has not shown that either judge abused his discretion. Adverse judicial rulings alone do not support an allegation of bias under either 28 U.S.C. § 144 or § 455. *Liteky v. United States*, 510 U.S. 540, 555 (1994). We find Lyle's allegations of bias and prejudice to be conclusory and based solely on the adverse nature of the magistrate judge's recommendation. Thus, there was no abuse of discretion.

For the foregoing reasons, we AFFIRM the district court's dismissal of Lyle's claims related to the prison van wreck on the basis of *res judicata* and the district court's rulings on the three strikes and recusal issues. With regard to Lyle's retaliation claim related to the alleged prison assault, we REVERSE and REMAND for proceedings consistent with this opinion.