**CLD-100**                                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4392
_____

JAY L. THOMAS,
Appellant

v.

ADVANCE HOUSING, INC.

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-11-cv-01426)
District Judge:  Honorable Peter G. Sheridan

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
January 26, 2012

Before: RENDELL, HARDIMAN and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 3, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Jay L. Thomas appeals pro se the order of the District Court entering final

judgment in favor of the defendants.  Because we conclude that this appeal presents no

substantial question, we will summarily affirm.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

I.

On March 23, 2011, plaintiff Jay L. Thomas filed a pro se complaint in District Court against Advance Housing, Inc. ("Advance Housing") making claims of gross negligence and breach of contract pursuant to the New Jersey Law Against Discrimination.[1]  Advance Housing is a non-profit that provides supportive housing and services to adults with mental health disabilities.  Thomas was its client from 2002 through 2008.  He alleges that Advance Housing mistreated him—including denying him proper medical attention and medication and denying him transportation to a food pantry—due to his race and disability.  The incidents, as alleged, occurred in February 2008 through April 2008.  Thomas terminated the relationship in May 2008.  Advance Housing filed a motion to dismiss, which the District Court granted, concluding that it lacked subject matter jurisdiction.  Thomas then filed a motion to amend the complaint and a proposed (eighth)[2] amended complaint.  The District Court denied the motion and Thomas appealed.  We determined that the District Court improperly denied Thomas'

---

[1] Thomas first filed a complaint in New Jersey Superior Court in March 2010 alleging that Advance Housing discriminated against him on the basis of his race and disability. In January 2011, Thomas moved to voluntarily dismiss the complaint in order to re-file in District Court; the Superior Court denied the motion in February 2011.  Nonetheless, Thomas filed an identical complaint in the District Court on March 14, 2011.  The Superior Court granted summary judgment in favor of Advance Housing in August 2011. Because of our disposition of this case, we do not reach the questions of claim or issue preclusion.

[2] It appears that Thomas amended his state court complaint several times, and continued

2

amended complaint, which included a claim under Title VI of the Civil Rights Act. Such a claim raised a federal question and would have conferred subject matter jurisdiction. Thus, we vacated the District Court's order and remanded for further proceedings. (C.A. No. 11-2581.)

Upon remand, the District Court reopened the case and ordered Thomas' eighth amended complaint filed. On August 22, 2011, Advance Housing filed a motion to dismiss the eighth amended complaint, arguing that Thomas' discrimination claims were time-barred, and that the District Court lacked jurisdiction over the remaining contract claim. In response to Thomas' claim that he had properly removed the action from state court to federal court, thereby preserving his claims within the statute of limitations, the District Court scheduled a hearing and invited Thomas to file an additional response to the motion and to submit a request to further amend his complaint. Thomas failed to file a response or appear for the hearing. The District Court dismissed Thomas' sixth, seventh, ninth, tenth, and eleventh amended complaints[3], and subsequently granted Advance Housing's motion to dismiss the eighth amended complaint. Thomas filed a timely notice of appeal of the order dismissing the eighth amended complaint.

II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over

---

counting in federal court.

[3] Thomas also appealed this non-final order dismissing his sixth, seventh, ninth, tenth, and eleventh complaints. (C.A. 11-4146.)

the District Court's dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). See McTernan v. City of York, Pa., 577 F.3d 521, 526 (3d Cir. 2009).

III.

Advance Housing moved to dismiss Thomas' claims under Title VI and the Law Against Discrimination as being filed beyond the applicable statutes of limitations and to dismiss the contract claim for lack of subject matter jurisdiction. In federal civil rights cases, courts look to the statute of limitations for personal injury actions. See Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). New Jersey's personal injury statute of limitations period is two years, and applies to claims brought under the New Jersey Law Against Discrimination. Montells v. Haynes, 627 A.2d 654, 658-59 (N.J. 1993). The same two-year limitations period should be applied to claims analogous to a personal injury action under Title VI of the Civil Rights Act. See Wilson, 471 U.S. at 276; Taylor v. Regents of University of California, 993 F.2d 710, 712 (9th Cir. 1993) (claims under 42 U.S.C. § 1983 and Title VI are governed by the same statute of limitations); Bougher v. Univ. of Pittsburgh, 882 F.2d 74 (3d Cir. 1989) (applying Pennsylvania's two-year statute of limitations for personal injury actions to claims under the similarly structured Title IX). In its motion to dismiss, Advance Housing argued that Thomas' federal suit, filed in March 2011, was more than two years after May 2008, the last date on which Advance Housing, Inc. could have discriminated against him or mistreated him.

Before the District Court ruled on Advance Housing's motion to dismiss, Thomas filed a notice of appeal. To the extent it is relevant in this appeal, he argued that he had

4

"properly removed [the] action" pursuant to Thompson v. Cent. Ohio R.R. Co., 73 U.S. 134 (1867). He also complained that the Superior Court's February 2011 denial of his request to "withdraw and remove and refile in District Court" was a "usurpation" of power. He repeats those arguments in a document filed in this Court titled "Amended Appeal," and believes that the "removal" preserved the filing deadline in state court. However, it is not clear to what Thomas is referring in his argument that he "properly removed [the] action." No removal is on the District Court's docket; Thomas fails to show that he removed the case from state court at all. In any event, plaintiffs cannot remove suits to federal court, see 28 U.S.C. § 1441, and Thompson does not support his position. Further, we are aware of no authority that would support his attempt to preserve the time to file by filing a state court action, withdrawing, and then re-filing a complaint in federal court. Additionally, it may be that the Thomas first raised the federal Title VI claim in his eighth amended complaint in District Court, which further damages his claim that his state court action preserved the filing period. Accordingly, because his March 2011 complaint was filed well after the two-year limitations period had run, the District Court properly dismissed these claims.

Advance Housing also argued that because Thomas' claims of discrimination under the New Jersey Law Against Discrimination and Title VI of the Civil Rights Act were time-barred and must be dismissed, the District Court lacked subject matter jurisdiction over his contract law claims. We understand the effect of the District Court's dismissal order to be a refusal to exercise supplemental jurisdiction over the state-law

contract claim.  See 28 U.S.C. § 1367(c)(3).  Given our conclusion that the District Court properly dismissed Thomas' federal claims, any exercise of supplemental jurisdiction over the contract claim would not have been warranted.  See Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000).

IV.

Because the appeal does not present a substantial question, we will summarily affirm the District Court's order.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.