In the

# United States Court of Appeals

## For the Seventh Circuit

No. 20-1530

VAUN MONROE,

*Plaintiff-Appellant*,

*v.*

COLUMBIA COLLEGE CHICAGO
and BRUCE SHERIDAN,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:17-cv-05837 — **Thomas M. Durkin**, *Judge*.

ARGUED SEPTEMBER 22, 2020 — DECIDED MARCH 19, 2021

Before SYKES, *Chief Judge*, and FLAUM and ROVNER, *Circuit Judges*.

ROVNER, *Circuit Judge*. Vaun Monroe, who was denied tenure at Columbia College of Chicago, has sued the College on a variety of theories alleging principally that the adverse tenure decision was tainted by race discrimination. Count IV

of Monroe's amended complaint asserts a claim under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, for being subject to discrimination in a federally-funded program or activity. R. 50 at 22–23. In a separate order issued contemporaneously with this opinion, we resolve Monroe's other claims against the College and his former department chairperson, Bruce Sheridan. In this opinion, we address a question of first impression in this circuit as to which state statute of limitations applies to Title VI claims. *See Allen v. Bd. of Governors of State Colls. & Univs.*, 78 F.3d 586 (table), 1996 WL 102678, at *2 (7th Cir. Mar. 6, 1996) (unpublished order) (reserving this question).

Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." § 2000d. The statute does not specify a limitations period, so we look to the limitations period specified by Illinois law for the most analogous type of claim, *see generally Bd. of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 483–84, 100 S. Ct. 1790, 1794–95 (1980);[1] and the pertinent question here is whether the correct period is the state's five-year catchall limitations period for civil claims, *see* 735 ILCS 5/13-205, or the two-year period for

---

[1]    Congress has specified a catchall four-year statute of limitations for federal claims, but only for civil actions "arising under an Act of Congress enacted after the date of the enactment of this section [on December 1, 1990]." 28 U.S.C. § 1658(a). For actions authorized by previously-enacted statutes, including Title VI, courts continue to borrow the limitations period from state law. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382, 124 S . Ct. 1836, 1845 (2004).

personal injuries, *see* 735 ILCS 5/13-202. If the latter limitations period governs, as the district court held, *Monroe v. Columbia Coll. Chicago*, 2020 WL 1503593, at *4–5 (Mar. 30, 2020), then there is no doubt that Monroe's Title VI claim is untimely, as it was filed more than two years after the discriminatory actions he challenges in this suit took place.

Although the district courts in this circuit are divided as to the appropriate limitations period to reference for Title VI claims,[2] it appears that every other circuit to address the issue has agreed that the court should reference the state limitations period for personal injury torts. *See Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 583 (5th Cir. 2020); *Thomas v. Advance Hous., Inc.*, 475 F. App'x 405, 406–07 (3d Cir. 2012) (per curiam) (non-precedential decision); *Jersey Heights Neighborhood Ass'n v.*

---

[2]  Compare *Monroe*, 2020 WL 1503593, at *4–5; *Rogers v. Allen Superior Ct.*, 2017 WL 879635, at *3 (N.D. Ind. Mar. 6, 2017); *Robbins v. DePaul Univ.*, 2014 WL 7403381, at *2 & n.2 (N.D. Ill. Dec. 29, 2014); *Davis v. City of Springfield*, 2012 WL 5471951, at *7–8 (C.D. Ill. Nov. 9, 2012) (applying Illinois' and Indiana's two-year statutes of limitations for personal injuries), with *Edwards v. Alexander Cnty. Hous. Auth.*, 2021 WL 101340, at *5 (S.D. Ill. Jan. 12, 2021); *Brewer v. Bd. of Trustees of Univ. of Ill.*, 407 F. Supp. 2d 946, 961 (C.D. Ill. 2005), *j. aff'd on other grounds*, 479 F.3d 908 (7th Cir. 2007); *Allen v. Bd. of Governors of State Colls. & Univs.*, 1993 WL 69674, at *2 (N.D. Ill. Mar. 11, 1993), *reconsideration denied*, 1993 WL 462856 (N.D. Ill. Nov. 9, 1993), *j. aff'd on other grounds*, 78 F.3d 586 (table), 1996 WL 102678 (7th Cir. Mar. 6, 1996); *Lewis v. Russe*, 713 F. Supp. 1227, 1232 (N.D. Ill. 1989) (applying Illinois' five-year catchall limitations period for civil claims), *j. summarily aff'd*, 972 F.2d 351 (table), 1991 WL 352444 (7th Cir. April 29, 1991) (unpublished order). *See also C.S. v. Couch*, 843 F. Supp. 2d 894, 906 n.15 (N.D. Ind. 2011) (noting that "[i]n the Seventh Circuit … the statute of limitations for Title VI claims is somewhat unclear" but finding it unnecessary to reach the issue).

*Glendening*, 174 F.3d 180, 187 (4th Cir. 1999); *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618 (8th Cir. 1995); *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir.1993); *Baker v. Bd. of Regents of State of Kansas*, 991 F.2d 628, 630–32 (10th Cir. 1993).

Our sister circuits have emphasized that a Title VI claim, although aimed at the discriminatory use of federal funds, is one that ultimately seeks to vindicate personal rights. As the Tenth Circuit has explained:

> The goal of Title VI is to "safeguard against the use of federal funds in a way that encourages or permits discrimination." 1964 U.S.C.C.A.N. 2391, 2510–13 (1964); *see also Regents of Univ. of California v. Bakke*, 438 U.S. 265, 98 S. Ct. 2733 (1978); *Brown v. Board of Educ. of Topeka*, 892 F.2d 851, 887 (10th Cir.1989). Title VI is a civil rights statute, and we believe that it is closely analogous to [42 U.S.C.] sections 1983 and 1981. The language of Title VI specifically refers to discrimination against a "person." This language is similar to that in sections 1983 and 1981, which language protects a "person" from deprivation of rights, and which provides equal rights under the law to all "persons." An injury resulting from discrimination produces impairments and wounds to the rights and dignities of the individual. *Burke v. United States*, 929 F.2d 1119, 1121–22 (6th Cir.1991), *rev'd on other grounds*, 504 U.S. 229, 112 S. Ct. 1867 (1992).

*Baker*, 991 F.2d at 631. *See also Jersey Heights Neighborhood Ass'n*, 174 F.3d at 187; *Rozar*, 85 F.3d at 561.

We agree that a Title VI claim is analogous to a state claim for personal injuries to the extent that it seeks recompense for an injury to one's individual rights. As such, it should be governed by the limitations period that a state has specified for personal injury claims. In Illinois, that is two years. 735 ILCS 5/13-202. *See Bush v. Commonwealth Edison Co.*, 990 F.2d 928, 933 (7th Cir. 1993) (applying same statute of limitations to claims under section 504 of Rehabilitation Act of 1973, 29 U.S.C. § 794, which prohibits disability discrimination in federally funded programs).

In resisting that conclusion, Monroe relies on this court's 40-plus year-old decision in *Beard v. Robinson*, 563 F.2d 331, 338 (7th Cir. 1977), which broadly stated that "the Illinois five-year statute of limitations applies to statutory claims brought under the Civil Rights Acts." But *Beard* specifically concerned claims under sections 1981 and 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971), not Title VI. Moreover, after *Beard* was decided, the Supreme Court held that the applicable statute of limitations for section 1981 and section 1983 claims is the state period for personal injury torts. *See Wilson v. Garcia*, 471 U.S. 261, 276–80, 105 S. Ct. 1938, 1947–49 (1985) (§ 1983); *Owens v. Okure*, 488 U.S. 235, 109 S. Ct. 573 (1983) (same); *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660-62, 107 S. Ct. 2617, 2620–21 (1987)

(§ 1981).[3] "'Title VI is a civil rights statute [that is] closely analogous to sections 1983 and 1981.' Indeed, a plaintiff suing a federally-supported program for racial discrimination may bring a claim under any one of these three laws." *Egerdahl*, 72 F.3d at 618 (quoting *Baker*, 991 F.2d at 631). Therefore, we see no reason to treat Title VI claims differently for limitations purposes. *See Baker*, 991 F.2d at 631 ("Our general characterization of Title VI claims as actions for injury to personal rights promotes a consistent and uniform framework by which suitable statutes of limitations can be determined for civil rights claims.") (citation omitted); *see also Egerdahl*, 72 F.3d at 618 ("the federal interest in uniformity and certainty" counsels in favor of treating Title VI claims similarly with sections 1981 and 1983 claims for limitations purposes); *Rozar*, 85 F.3d at 561 (same).

The two-year period in Illinois for personal injury claims applies, and Monroe's Title VI claim was therefore untimely. The district court properly entered summary judgment against Monroe as to Count IV of the amended complaint on this basis.

AFFIRMED

---

[3] In the wake of *Wilson*, we have likewise applied the same personal injury statute of limitations to *Bivens* claims. *See Delgado-Brunet v. Clark*, 93 F.3d 339, 342 (7th Cir. 1996).